EAST BATON ROUGE PARISH
Filed Mar 10, 2021 1:24 PM
Deputy Clerk of Court
E-File Received Mar 10, 2021 10:19 AM
C-705531
27

| | |
|---|---|
| EULA JOHNSON | NUMBER: _____ DIV._____ |
| VERSUS | 19th JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| WAFFLE HOUSE, INC., ABC INSURANCE COMPANY, AND JOHN OR JANE DOE EMPLOYEE | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, EULA JOHNSON, a person over the age of majority age residing and domiciled in the Parish of East Baton Rouge, State of Louisiana, who files this *Petition for Damages* and respectfully asserts, avers, and alleges as follows:

1.

Named Defendants herein are:

1. **WAFFLE HOUSE, INC.**, a foreign corporation authorized to do and doing business in the State of Louisiana, with its registered agent for service of process in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802;

2. **ABC INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana;

3. **JOHN OR JANE DOE EMPLOYEE**, believed to be an individual of the full age of majority and employed by Waffle House, Inc.

Collectively, "Defendants" herein.

2.

Upon information and belief, at all times relevant herein there was in full force and effect a policy of liability insurance issued by ABC INSURANCE COMPANY, under the terms and conditions of which it agreed to insure and indemnify WAFFLE HOUSE and JOHN OR JANE DOE EMPLOYEE for any damages for which they might be held to be liable to plaintiff and/or from the type(s) of liability asserted herein.

*Petition for Damages*
*Page 1 of 4*

**EXHIBIT "A"**

Certified True and Correct Copy
CertID: 2021031200821

*Hope Michell*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 1:38 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

3.

Upon information and belief, WAFFLE HOUSE owned, operated, and/or controlled the restaurant premises located at 14416 Greenwell Springs Road, Greenwell Springs, LA 70739, referred to herein as the Waffle House restaurant, at all times complained of herein.

4.

Venue is proper in the Parish of East Baton Rouge, because the acts giving rise to Plaintiff's claims occurred in East Baton Rouge Parish and specifically at the Waffle House restaurant located at 14416 Greenwell Springs Road, Greenwell Springs, LA 70739.

5.

On or about March 13, 2020, Plaintiff visited the Waffle House restaurant at the invitation and with the consent of WAFFLE HOUSE.

6.

While a permissive guest in the Waffle House restaurant, Plaintiff made her way towards the restroom when, suddenly and without warning, she slipped on one or more foreign object(s) and/or substance(s) and fell to the floor, in or near the women's restroom.

7.

On or about March 13, 2020, the condition of the Waffle House restaurant floor and the presence of one or more foreign object(s) and/or substance(s) on the floor of the store created an unreasonably dangerous condition, which defendant knew or should have known existed, and Defendant WAFFLE HOUSE failed to take reasonable and necessary action to remedy the condition or to warn its customers, including Plaintiff, of the unreasonably dangerous condition.

8.

As a result of the above-described accident, Plaintiff suffered numerous physical injuries to her neck, and upper and lower back, and extremities, all of which required, and continues to require, ongoing medical treatment.

9.

The above described accident and resulting damages were proximately caused by the fault and negligent acts of omission and/or commission of the Defendants under La. C.C. Arts. 2315, 2316, 2317, 2317.1, 2320, and 2322 in the following non-exclusive particulars:

*Petition for Damages*
*Page 2 of 4*


**Certified True and Correct Copy**
CertID: 2021031200821

*Hope Michell*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 1:38 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

a) Failure to provide a safe premises for its patrons;
b) Failure to properly maintain the restaurant premises;
c) Failure to warn;
d) Failure to inspect the area and/or to remove such hazards;
e) Failure to exercise due care;
f) Failure to provide a premises free of hazards; and
g) Other acts of negligence which were the cause of this accident and will be shown at the trial of this matter.

10.

At all times relevant, WAFFLE HOUSE was vicariously liable for the negligent acts of its employee(s), including JOHN OR JANE DOE EMPLOYEE, who are responsible for the maintenance of its premises under the theory of *respondeat superior*. JOHN OR JANE DOE EMPLOYEE took no measures to prevent anyone from traversing the dangerous area in or near the restroom nor did he/she warn anyone of the dangerous condition prior to the accident.

11.

At all material times, Plaintiff exercised reasonable care for her own safety.

12.

As a result of the above described accident, Plaintiff has sustained personal injuries and related losses as a direct result of the negligence and/or fault of WAFFLE HOUSE and JOHN OR JANE DOE EMPLOYEE.

13.

Plaintiff is thus entitled to recover general and special compensatory damages for the following:

a) Past, present and future physical pain and suffering;
b) Past, present and future mental anguish;
c) Physical disability and/or impairment;
d) Past, present and future lost wages and/or loss of income;
e) Loss of future earning capacity;
f) Loss of enjoyment of life;
g) Any and all other damages which may be shown at trial on this matter and to which Plaintiff is justly entitled.

14.

As a direct result of personal injuries sustained by Plaintiff as a consequence of the slip-and-fall incident made the subject of this lawsuit, Plaintiff has incurred and will continue to incur medical expenses for which she is entitled to recover, including, but not limited to, diagnostic and


**Certified True and Correct Copy**
CertID: 2021031200821

*Hope Michell*

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 1:38 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

treatment expenses, prescription medication charges, rehabilitation and/or physical therapy charges, related travel expenses and/or any other related and necessary expenses.

**WHEREFORE**, Plaintiff EULA JOHNSON prays for judgment against the Defendants WAFFLE HOUSE, INC., ABC INSURANCE COMPANY, and JOHN OR JANE DOE EMPLOYEE, jointly, severally, and/or *in solido*, and in her favor for general and special damages in an amount that is reasonable under the premises, together with legal interest on the principal amount awarded from the date of judicial demand until paid, and all costs of this proceeding, including expert witness fees, all in an amount to be determined at trial on this matter on all claims and causes brought herein and to be brought by way of amended and/or supplemental petition, and for any additional relief as the facts, law, and equity may require.

Respectfully submitted,

**MANSFIELD, MELANCON, CRANMER & DICK, LLC**

By_____
Scott M. Mansfield, Bar # 36563
Collin R. Melancon, Bar #36582
Brad W. Cranmer, Bar #36424
Kelley R. Dick, Jr., Bar #36434
Seth T. Mansfield, Bar #34657
2133 Silverside Drive, Suite B
Baton Rouge, LA 70808
Telephone: (225) 612-0800
Facsimile: (504) 208-3731
Email: Scott@MMCDLaw.com
***Attorneys for Petitioner, Eula Johnson***

## PLEASE ISSUE AND SERVE WITH CITATION:

**Waffle House, Inc.**
*Through its registered agent for service of process:*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**ABC Insurance Company**
(Hold service until identified)

**John or Jane Doe Employee**
(Hold service until identified)

*Petition for Damages*
*Page 4 of 4*

*Hope Michell*



Certified True and Correct Copy
CertID: 2021031200821

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 1:38 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).